IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LYNETTE CLEMENTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | **(Jury Trial Demanded)** |
| ) | |
| TOWN OF SHARPSBURG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Plaintiff Lynette Clements ("Plaintiff") for her complaint against defendant, Town of Sharpsburg ("Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), to remedy Defendant's unlawful discrimination, retaliation, and termination on the basis of sex (female), race (African-American), retaliation, and, Plaintiff's disability in violation of the Americans with Disabilities Act, and to provide appropriate relief to Plaintiff for harms caused by these discriminatory practices.

## JURISDICTION, VENUE and PARTIES

2. Jurisdiction in this court arises under 42 U.S.C § 2000, et seq. and 28 U.S.C. 1331.

3. Plaintiff is a citizen of Nash County, North Carolina, and is not under any legal disability.

4. Venue is proper in this district under 28 U.S.C. § 1391 (b) in that Defendant transacts business here and the conduct complained of occurred here.

5. Defendant was and is a political subdivision and county of the State of North Carolina, duly chartered and existing pursuant to the provisions of N.C. Gen. Stat. § 153A-10, and vested with corporate powers and rights as specified in N.C. Gen. Stat. § 153A-11 including, but not limited to, the capacity to sue and be sued. At all times relevant to this action, Defendant acted through its managers and policy makers, including the former Sharpsburg Chief of Police, Chief John Hunt ("Chief Hunt"), and other employees of the Sharpsburg Police Department; and the acts, edicts, and practices of said persons represent the official policies of Defendant.

6. At all times the actions and practices of the Defendant named herein and those acting in their direction, were performed under the color of state law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution.

7. Upon information and belief, to the extent that the Defendant in this action claim it is a municipal and/or governmental and/or County owned, operated and/or funded entity, or an employee and/or agent of any such entity, such Defendant does not have governmental immunity and/or sovereign immunity for any of the acts or omissions described herein. In the alternative, should the Defendant in this action have governmental immunity and/or sovereign immunity, upon information and belief, Defendant has waived any and all such governmental and/or sovereign immunity to which it may have been otherwise entitled, for itself, its agents, employees and all officials acting in their official (and, if applicable, individual) capacities for civil liability and tort by the act of purchasing (or otherwise procuring, obtaining and/or having in place) liability insurance (or the functional and substantive equivalent thereof, i.e., participation in a local governmental risk pool, purchase of a surety bond, etc.) prior to, concurrent with, and/or subsequent to and/or

applicable to the acts and omissions alleged herein.

## **CHRONOLOGY**

8. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

9. Plaintiff was hired by Defendant in 2014. Plaintiff was a Lieutenant which is the highest rank under the Chief. She was the only African American female in the department.

10. Plaintiff was diagnosed with a disability in June 2017. Plaintiff continually and consistently performed all her duties for Defendant despite her disability.

11. Since 2014, Plaintiff has continuously been discriminated and retaliated against by Defendant based upon her gender, race, and disability.

12. As a result of the intentional discrimination and retaliation described herein, Plaintiff was treated less favorably than male employees when called as a relief driver and requested eight-hour work days ("adverse action").

13. Since Chief Hunt became Chief of the Police Department, Plaintiff was treated differently than the white males under his supervision.

14. Chief Hunt stripped Plaintiff of her supervisory and administrative duties.

15. Seargent Hinson was allowed by Chief Hunt to refer to Plaintiff as "bitch" with no repercussions, in spite of Plaintiff's complaints to the Town Administrator.

16. Plaintiff was ostracized, as no white employee would communicate, coordinate or work with Plaintiff in the Police Department.

17. White males refused to attend mandatory trainings, which Plaintiff had to reschedule on at least four occasions.

18. Seargent Hinson was promoted to second in command to the Chief in July 2017, and was

paid higher wages than when Plaintiff held the same position.

19. The vehicle assigned to Plaintiff was taken away because it was needed for second shift; however, both male officers assigned to second shift already had vehicles assigned to them.

20. After Plaintiff turned her vehicle in, it was used by other male officers; however, Plaintiff was disciplined for failing to maintain the vehicle. Upon information and belief, other employee vehicles have been in the same or worse condition, but those male officers were not disciplined.

21. Plaintiff was required to submit to a Medical Fitness for Duty Evaluation, although her conduct, attendance and/or performance did not give rise to the need for such evaluation. In fact, upon information and belief, other male officers, including Chief Hunt, should have been required to undergo a Medical Fitness for Duty Evaluation but did not.

22. Plaintiff was suspended three days without pay for allegedly listening to inappropriate music in her assigned vehicle.

23. Plaintiff was placed on administrative leave in or around September 8, 2017.

24. Plaintiff filed a charge of discrimination with the EEOC (Charge No. 433-2017-03171) based upon the discriminatory practices of the Defendant on or about September 11, 2017.

25. Upon information and belief, due to retaliation of her EEOC charge along with the ongoing discriminatory practices of the Defendant, Plaintiff was terminated by Defendant on or about January 11, 2018.

26. Plaintiff filed a second charge of discrimination with the EEOC which is the basis of this action alleging under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e ("Title VII"), Defendant's unlawful discrimination, retaliation and termination on the basis of sex (female), race (African-American), retaliation, as well as, Plaintiff's disability in violation of the Americans with Disabilities Act. (EEOC Charge of Discrimination No.: 433-2018-01207, Exhibit A)

27. Upon information and belief, since becoming Chief Hunt has discharged black employees and replaced them with white employees.

28. Defendant's extreme and outrageous actions complained of herein gave rise to a hostile work environment.

29. Additionally, the intentional discrimination described herein caused Plaintiff to experience insecurity, anxiety, sadness, fear, and other forms of emotional distress that Plaintiff and other witnesses can competently testify to in this case.

30. Upon information and belief, the discriminatory adverse action described herein was willful, malicious, or the result of a reckless disregard for Plaintiff's rights under Title VII and the Americans with Disability Act in that, *inter alia*:

    a. Defendant explicitly took the adverse action on the basis of Plaintiff' disability, gender and racial status;

    b. Defendant maintains a human resources department that took inadequate steps to correct previous discriminatory actions and to prevent or correct the discriminatory actions herein described; and,

    c. Such further evidence as is adduced through investigation, discovery, or at trial.

31. Plaintiff has fulfilled all conditions precedent under Title VII prior to instituting this lawsuit, as necessary, and has otherwise exhausted her administrative remedies in that she:

a. Timely filed a charge of discrimination and termination on the basis of, *inter alia*, sex (female), race (African-American), and retaliation with the EEOC, which is attached as Exhibit A and incorporated herein:

b. Received a "Notice of Right to Sue" from the EEOC, which is attached hereto as Exhibit B and is incorporated herein.

## COUNT I

32. The allegations contained in paragraphs 1 through 31 above are realleged and incorporated herein by reference.

33. At all times relevant to this Complaint, Defendant was Plaintiff's employer within the meaning of Title VII and employed more than fifteen (15) employees.

34. Defendant took adverse action against the Plaintiff on the basis of her sex (female), race (African-American), retaliation for filing a prior EEOC Charge of Discrimination, and her disability.

35. Plaintiff was meeting Defendant's reasonable expectations at the time of the adverse action despite Defendant's allegations to the contrary which were retaliatory in nature for Plaintiff's ongoing complaints of discrimination.

36. Upon information and belief, white male and even African-American male employees were not subjected to the adverse actions in which Plaintiff was subjected to.

37. As a result of the Defendant's adverse action, Plaintiff has suffered, and will continue to suffer, both economic and non-economic damages, emotional distress, and other compensable damages.

38. Defendant's adverse action was intentional, deliberate, willful, malicious, reckless and/or conducted in callous disregard of Plaintiff's rights, entitling her to punitive damages under Title VII.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1. Declaratory relief, including but not limited to a declaration that Defendant's actions violate Title VII and the Americans with Disability Act;
2. Back pay, lost future wages, and benefits, together with interest thereon at the legal rate, in an amount to be determined at trial, which accounts for any salary increases that would have been awarded but for Defendant's discriminatory conduct:
3. Compensatory and consequential damages, including for emotional distress, mental suffering, anguish, inconvenience, loss of enjoyment of life, and other economic damages to be proven at trial;
4. Punitive damages;
5. Pre-judgment and post-judgment interest, at the highest rate available under the law;
6. Attorneys' fees and the costs of this action to the fullest extent recoverable pursuant to Title VII;
7. For a trial by jury on all issues so triable; and
8. For such other and further relief and the Court deems just and proper.

This the 28th day of November, 2018.

**OXENDINE BARNES & ASSOCIATES PLLC**

By: <u>/s/ James A. Barnes IV</u>
     Ryan D. Oxendine – NC Bar No. 27595
     James A. Barnes IV – NC Bar No. 33356
     6500 Creedmoor Rd., Suite 212
     Raleigh North Carolina 27613
     (919) 848-4333 – Telephone
     (919) 848-4707 – Facsimile
     jim@oxendinebarnes.com - Email
     *Attorneys for the Plaintiff*